UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00238-H

UNIVERSAL LINEN SERVICE, LLC,                                              PLAINTIFF

V.

CHEROKEE CHEMICAL CO., INC.,                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This dispute involves allegations that Defendant, Cherokee Chemical Company, Inc., sold improper water treatment products used in Miura boilers that Plaintiff, Universal Linen, installed and operated in its business as a commercial linen supplier. Plaintiff alleges that the water treatment products provided by Defendant damaged the boilers as a result of the formation of corrosion. The matters before the Court are Defendant's motion for leave to file a third party complaint and Plaintiff's motion to strike portions of Defendant's reply in support of its motion to file a third party complaint.[1] For the following reasons, the Court will sustain both motions.

I.

Defendant seeks to file a third-party complaint against Miura North America, Inc. ("Miura"), the entity that sold the boilers at issue to Plaintiff. Aside from supplying the boilers, Defendant alleges that Miura was to provide training to Plaintiff's employees concerning the boilers' operation and maintenance and inspection of the boilers' performance during the warranty period. Defendant generally alleges that Miura failed to fulfill its duties to that end and

---

[1]Though the Court will deny Plaintiff's motion, it did consider the arguments raised as they pertain to Defendant's motion for leave to file a third party complaint. The motion to strike largely reargues positions held by the parties in their briefing concerning the impleader motion. Plaintiff's motion is denied because Defendant did not raise new issues in its reply, but rather provided more thorough evidentiary support for issues advanced in its original motion. Accordingly, it is improper to strike portions of Defendant's reply.

1

as a result, it contributed to the boilers' failures. In support of its position, Defendant cites Kentucky's apportionment statute, KRS § 411.182, which governs the procedure for determining the respective liabilities of joint tortfeasors. Since Miura may have engaged in conduct that caused or contributed to all or some of Plaintiff's damages, Defendant maintains that Miura should be made a party to this action.

Federal Rule of Civil Procedure 14 governs third-party practice and provides that a defendant must obtain leave of the court to file a third-party complaint more than fourteen days after serving its answer. FED. R. CIV. P. 14. "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). The decision of whether to grant such a motion is a "matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." *Asher v. Unarcho Material Handling, Inc.*, 2007 WL 3046064, *4 (E.D. Ky. Oct. 16, 2007) (internal quotation omitted). Factors a court may consider include "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; (4) prejudice to the original plaintiff." *Botkin v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 2013 WL 3489469, *6 (E.D. Ky. July 10, 2013).

The Sixth Circuit directs that

> [t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim;
> one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim. Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant. *See Stiber v. United States*, 60 F.R.D. 668, 670 (E.D. Pa. 1973) ("Under

2

Rule 14, the liability of the third-party must be dependent on the outcome of the main claim."). Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.1987).

*Am. Zurich Ins. Co.*, 512 F.3d at 805.

With this guidance, the Court finds that the third party complaint against Miura is appropriate under the circumstances. Defendant alleges facts, which if proven, would establish that Miura caused or contributed to the boiler failures that occurred in this case. Plaintiff attempts to narrow the causation inquiry, seeking to hold Defendant, the chemical water treatment provider, solely liable for the alleged corrosion and failure. However, the third party complaint alleges that Miura's actions or inactions could have contributed to the boilers' failures and thus Plaintiff's claim for damages. For instance, Defendant alleges that there is evidence that the chemistry levels in the boilers were not adequately controlled, a responsibility that may have been charged to Miura. Defendant should be able to present alterative theories of how and why Plaintiff's boilers failed; since some of these theories implicate Miura, inclusion in this action is appropriate to properly apportion liability. *See Am. Zurich Ins. Co.*, 512 F.3d at 805 ("Underlying Rule 14 is a desire to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him.") (internal quotation omitted). The claim against Miura seems to be derivative of the original action and any liability that may flow to Miura is dependent on the outcome of the litigation in the original action between Plaintiff and Defendant.[2]

---

[2]Plaintiff makes the argument that Miura should not be included in this action because it claims the water chemicals sold by Defendant caused the boilers' damage and Miura expressly disclaimed any responsibility for damage from unsuitable water treatment. However, as discussed, the cause of the boilers' failures remains disputed. The actions or inactions of Miura could be wholly unrelated to water treatment, yet be a contributing factor in Plaintiff's damages.

The Court does not agree with Plaintiff that the third party complaint asserts a claim entirely independent and separate from Plaintiff's original complaint. Indeed, litigation in this matter will resolve who, and to what extent, is responsible for the boiler damage. *See TX Capital Bank, N.A. v. First Am. Title Ins. Co.*, 2012 WL 443460, *2 (W.D. Ky. Feb. 10, 2012) ("Apportionment of liability arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converge to cause the plaintiff's damage.") (internal quotation omitted). It is simply too early to know the exact cause of the failure of the boilers. It follows then that it is too early to rule out the possibility that the actions of inactions of Miura may have contributed to Plaintiff's damages.

Finally, the balance of equities weights in favor of granting the motion. Defendant has not deliberately delayed in filing its motion for leave to file a third party complaint, and Plaintiff has made no compelling argument that the amendment is untimely. This case is in its infancy, and granting the instant motion would not prejudice Plaintiff's ability to have this matter adjudicated in a prompt fashion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for leave to file a third party complaint [Doc. 32] is SUSTAINED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike portions of Defendant's reply in support of its motion to file a third party complaint [Doc. 37] is DENIED.

cc: Counsel of Record